IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TOMESSA MCGRAW on Behalf of Herself and All Others Similarly Situated, | ) ) ) | Class & Collective Action |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CAUSE NO. 1:19-cv-922 |
| FAMILY & COMMUNITY PARTNERS, LLC, NICHOLAS ORANGE, ROMUDA VALENTINE, DWIGHT HOLLAND, and SANDRA DONALDSON, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

This is a proposed class and collective actions brought on behalf of all former and current employees of Defendants ("the Class" and "the Collective Class") against Defendants, Family & Community Partners, LLC ("FCP"), Nicholas Orange, Romuda Valentine, Dwight Holland and Sandra Donaldson.

### I. Parties

1. Each member of the proposed Class action is or was an employee of Defendants at any times relevant to this action.

2. Each member of the proposed Collective action is or was an employee of Defendants at any time relevant to this action.

3. Plaintiff, Ms. McGraw, is a resident of Indianapolis, Indiana.

4. Defendant, FCP, is a business that is headquartered in Indianapolis, Indiana.

5. Mr. Orange is a member of FCP.

6. Mr. Orange is an owner of FCP.

7. Mr. Orange is the managers of FCP.

8. Mr. Orange was part of the decision to misclassify the employees of FCP as independent contractors and not pay them in a timely fashion or any overtime wages.

9. Ms. Valentine is a member of FCP.

10. Ms. Valentine is an owner of FCP.

11. Ms. Valentine is the managers of FCP.

12. Ms. Valentine was part of the decision to misclassify the employees of FCP as independent contractors and not pay them in a timely fashion or any overtime wages.

13. Mr. Holland is a member of FCP.

14. Mr. Holland is an owner of FCP.

15. Mr. Holland is the managers of FCP.

16. Mr. Holland was part of the decision to misclassify the employees of FCP as independent contractors and not pay them in a timely fashion or any overtime wages.

17. Ms. Donaldson is a member of FCP.

18. Ms. Donaldson is an owner of FCP.

19. Ms. Donaldson is the managers of FCP.

20. Ms. Donaldson was part of the decision to misclassify the employees of FCP as independent contractors and not pay them in a timely fashion or any overtime wages.

## II. Jurisdiction and Venue

21. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff and the Collective Action bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

22. This court has jurisdiction to hear the state claims of Plaintiff and the Class Action pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

23. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Plaintiff's residence and Defendants doing business in this District.

## III.   Class Action Allegations

24. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were independent contractors of CFP ("the Collective Class").

25. Plaintiff also brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as independent contractors of CFP who worked or are working in the State of Indiana for CFP ("the Ten Day Rule Class").

26. Plaintiff also brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as independent contractors of CFP who CFP failed to make FICA contributions to the IRS ("the FICA Class").

27. Plaintiff also brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as independent contractors of CFP who were not offered health insurance by CFP ("the ACA Class").

28. The members of the Classes and Collective Class were paid as independent contractors instead of as employees.

29. The members of the Classes and Collective Class were paid on a monthly basis.

30. The members of the Classes and Collective Class were paid nearly two months after the monthly time period in which their wages were earned.

31. The members of the Collective Class were not paid at least minimum wages and their overtime wages within a reasonable time period.

32. The members of the Ten Day Rule Class were not paid for their hourly wages within ten business days of the end of a monthly pay period.

33. Defendants willfully failed to pay the members of the Collective Class their minimum and overtime wages in a reasonable time period.

34. Defendants willfully failed to pay the members of the Collective Class their overtime wages.

35. FCP acted in bad faith in failing to pay members of the Ten Day Rule Class their hourly wages in a timely fashion under State law.

36. CFP failed to make FICA contributions to the IRS for the members of the FICA Class.

37. The members of the ACA Class were not offered health insurance by FCP.

38. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class or collective action. The names, addresses, and relevant documentation of members of the Classes and Collective Class should be in the business records of CFP. Notice may be provided to members of the Classes and Collective Class or their personal representatives via first class mail using techniques and a form of notice similar to those customarily used in class actions.

### IV. Factual Allegations

39. Ms. McGraw began employment with CFP in February 2016.

40. Ms. McGraw was an independent contractor of CFP.

41. Ms. McGraw was paid on an hourly basis for all of the work she performed.

42. Ms. McGraw was paid on a monthly basis.

43. Ms. McGraw was paid nearly two months after a monthly pay period had ended.

44. Ms. McGraw was assigned work by CFP.

45. Ms. McGraw worked for CFP as a caseworker.

46. Ms. McGraw also worked for CFP performing human resource functions.

47. Ms. McGaw also worked for CFP performing supervisory functions.

48. Ms. McGraw was not paid at least minimum wages within a reasonable period of time following the end of a monthly pay period.

49. Ms. McGraw was not paid her hourly wages within ten business days of the end of the monthly pay period.

50. CFP has around 100 people working for it.

51. CFP failed to offer Ms. McGraw health insurance benefits.

52. CFP failed to take withhold FICA taxes from the wages of Ms. McGraw.

53. CFP failed to pay FICA contributions to the IRS on behalf of Ms. McGraw.

54. CFP failed to pay Ms. McGraw her wages for the final two monthly pay periods that she worked for CFP.

55. CFP acted in bad faith in failing to pay Ms. McGraw her hourly wages in a timely fashion.

56. CFP acted in bad faith in failing to pay Ms. McGaw her hourly wages earned in the last two pay periods.

57. Defendants willfully failed to pay Ms. McGraw her minimum and/or overtime wages in a timely fashion.

57. Defendants willfully failed to pay Ms. McGraw her overtime wages.

58. CFP terminated Ms. McGraw on November 16, 2018.

59. Counsel for Plaintiff has requested that the Indiana Attorney General's Office in conjunction with the Indiana Department of Labor refer Plaintiff's state wage claims to his office.

**Count I - Collective Action**
**Failure to Properly Pay Minimum & Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

60. Plaintiffs incorporate paragraphs 1 through 59 by reference herein.

61. Plaintiff and the members of the Collective Class are or were employees of CFP pursuant to the FLSA.

62. CFP is an employer pursuant to the FLSA.

63. Plaintiff and the members of the Collective Class are covered employees pursuant to enterprise coverage under the FLSA.

64. CFP had gross revenues of at least $500,000.00 for the 2015 calendar year.

65. CFP had gross revenues of at least $500,000.00 for the 2016 calendar year.

66. CFP had gross revenues of at least $500,000.00 for the 2017 calendar year.

67. CFP had gross revenues of at least $500,000.00 for the 2018 calendar year.

68. Mr. Orange is an employer pursuant to the FLSA.

69. Ms. Valentine is an employer pursuant to the FLSA.

70. Mr. Holland is an employer pursuant to the FLSA.

71. Ms. Donaldson is an employer pursuant to the FLSA.

72. Defendants have failed to pay minimum and overtime wages owed to Plaintiff and the members of the Collective Class in a reasonable time period.

73. Defendants have failed to pay overtime wages owed to Plaintiff and the members of the Collective Class.

74. Plaintiff and the members of the Collective Class have been damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A.    Enter an award for Plaintiff and the members of the Collective Class for the minimum and overtime wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

B.    Enter an award for liquidated damages with interest as permitted by the FLSA.

C.    Enter an order awarding Plaintiff and the members of the Collection Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D.    Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count II - Class Action
### Failure to Timely Pay Wages
### Pursuant to the Wage Payment Statute, I.C. §22-5-2 *et. seq.*

75.    Plaintiff incorporates paragraphs 1 through 74 by reference herein.

76.    Plaintiff and the members of the Ten Day Rule Class were not paid all wages due and owing in a timely fashion during their employment.

77.    Plaintiff and the members of the Ten Day Rule Class has been damaged by CFP's violations of the Wage Payment Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and the Ten Day Rule Class liquidated damages with interest as permitted by the Wage Payment Statute.

B. Enter an order awarding Plaintiff and the Ten Day Rule Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

C. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count III - Class Action
### Unjust Enrichment

78. Plaintiff incorporates paragraphs 1 through 77 by reference herein.

79. Plaintiff and the members of the FICA Class were required to pay the FICA taxes that CFP failed to withhold and pay to the IRS on their own taxes.

80. CFP was unjustly enriched by not paying its portion of the FICA taxes on the wages of Plaintiff and the members of the FICA Class.

81. Plaintiff and the members of the FICA Class have been damaged by the unjust enrichment of CFP.

WHEREFORE, Plaintiff prays that the Court:

A.	Enter an award for Plaintiff and the members of the FICA Class the FICA taxes that FCP should have withheld and paid to the IRS on their behaves with interest.

B.	Enter an award for Plaintiff and the members of the FICA Class all special and punitive damages with interest as permitted.

C.	Enter an order awarding Plaintiff and the members of the FICA Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted.

D.	Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count IV - Class Action
### Affordable Care Act

82.	Plaintiff incorporates paragraphs 1 through 81 by reference herein.

83.	Plaintiff and the members of the ACA Class should have been offered health insurance by CFP.

84.	CFP was unjustly enriched by not offering health insurance to its employees.

85.	Plaintiff and the members of the ACA Class have been damaged by the CFP's violations of the Affordable Care Act.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and the members of the ACA Class damages as permitted by the ACA with interest.

B. Enter an order awarding Plaintiff and the members of the ACA Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count V - Individual Action**
**Failure to Pay Wages**
**Pursuant to the Wage Claims Statute, I.C. §22-9-2** *et. seq.*

86. Plaintiff incorporates paragraphs 1 through 85 by reference herein.

87. Plaintiff was not paid all of her wages earned by CFP.

88. Plaintiff has been damaged by CFP's violations of the Wage Claims Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff for the unpaid wages owed with interest as permitted by the Wage Claims Statue.

B. Enter an award for Plaintiff for liquidated damages with interest as permitted by the Wage Claims Statute.

C. Enter an order awarding Plaintiff for all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Claims Statute.

   D. Enter an award for such other relief as may be just and appropriate.

            Respectfully submitted,

            WELDY LAW

            /s/Ronald E. Weldy
            Ronald E. Weldy, #22571-49
            Proposed Class & Collective Action Counsel

Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
Fax: (317) 842-6933
E-mail: weldy@weldylegal.com